UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA GLAUDE, Individually and as Successor in Interest to Ahmad R. Fuller Jr., | No. 2:26-cv-0604 DJC AC PS |
| Plaintiff, | ORDER |
| v. | |
| SAN JOAQUIN COUNTY, STOCKTON POLICE DEPARTMENT, and DOES 1-25, | |
| Defendants. | |

Plaintiff is proceeding in this action pro se; pre-trial proceedings are accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

I. SCREENING

A.    Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the

1

complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

B.     The Complaint

Plaintiff is suing San Juaquin County and the Stockton Police Department, as well as unknown officers, for violations of her Fourteenth Amendment Due Process rights pursuant to 42 U.S.C.§ 1983. EF No. 1 at 3-4. She asserts that she brings this case both individually and as a successor in interest to her deceased son, Ahmad R. Fuller Jr. Id. at 6. On March 2, 2024, Ahmad R. Fuller Jr. suffered a gunshot wound to the head in Stockton, California. Id. When officers arrived at the scene Fuller was still alive and needed immediate medical care. Id. There was a delay before transporting Fuller to the emergency department at San Joaquin General Hospital. At the hospital Fuller remained in the emergency department for approximately two hours before being taken into surgery, during which time his condition worsened. Id. Medical records later showed that he suffered a stroke and collapsed lungs. Id. Plaintiff was not informed of these critical medical conditions while treatment decisions were being made. Id.

Law enforcement officers told medical personnel that her son's condition was a suicide before a complete investigation took place. Id. at 7. After plaintiff stated that her son did not shoot himself, officers came to the hospital to take photographs of him, even though plaintiff had been told photographs were already taken at the scene. Id. Plaintiff was not contacted by an assigned detective on the case until over a week later because the assigned detective was on vacation. Id. The autopsy later listed the manner of death as undetermined, and no investigative findings were provided to the family. Id. Fuller remained on life support until March 2, 2024, at which point he was removed from life support and pronounced deceased. Id. Plaintiff sues for

3

damages related to the loss of her son's companionship.  Id. at 8.

C.    Discussion

Plaintiff's complaint cannot be served at this time for several reasons.  In light of plaintiff's pro se status, the undersigned will provide plaintiff an opportunity to file an amended complaint that corrects the problems identified below.

1.  Plaintiff Cannot Represent Her Deceased Son's Estate

First, plaintiff, who is appearing in pro se, brings this action "individually as successor in interest to Ahmad R. Fuller Jr."  ECF No. 1 at 6.  Plaintiff is not able to bring a claim on behalf of her deceased child or his estate, because she cannot represent others while appearing pro se.  See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("[W]e hold that a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer."); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) (pro se party "has no authority to appear as an attorney for others than himself); Gutierrez v. Dep't of Children & Family Servs. (D.C.F.S.), 2022 WL 3574691, at *2 (C.D. Cal. Feb. 3, 2022) (finding the plaintiff could not sue on behalf of the estate of his daughter).  Plaintiff has a right to represent herself without a lawyer, but that right extends only to claims that her own rights have been violated.  It does not extend to claims brought on behalf of a decedent's estate.   A successor in interest may assert claims on behalf of a deceased family member, but such claims must be presented and litigated by an attorney at law.

2.  Plaintiff Does Not State a Claim Under §1983

Plaintiff sues for constitutional violations under 42 U.S.C. § 1983, which provides a cause of action for the deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States by a person acting under color of law.  Gomez v. Toledo, 446 U.S. 635, 638 (1980).  Section 1983 claims must demonstrate that the defendant (1) acted under color of state law; and (2) caused a plaintiff to be deprived of a right secured by the Constitution or laws of the United States.  See Lindke v. Freed, 601 U.S. 187, 194 (2024).  Plaintiff alleges a due process violation.  When asserting a due process violation under the Fourteenth Amendment, a plaintiff must show they were deprived of a "constitutionally protected life, liberty or property

interest." Hotop v. City of San Jose, 982 F.3d 710, 718 (9th Cir. 2020) (citing Shanks v. Dressel, 540 F.3d 1082, 1087, 1090 (9th Cir. 2008)).

Plaintiff's harm all relates to her son's death; her alleged damages include her son's loss of life, and loss of her son's love, companionship, care, assistance, protection, affection, and moral support. ECF No. 1 at 8. "Parents and children may assert Fourteenth Amendment substantive due process claims if they are deprived of their liberty interest in the companionship and society of their child or parent through official conduct." Lemire v. California Dep't of Corr. & Rehab., 726 F.3d 1062, 1075 (9th Cir. 2013) (citations omitted). However, "[o]nly official conduct that 'shocks the conscience' is cognizable as a due process violation." Id. (quoting Porter v. Osborn, 546 F.3d 1131, 1137 (9th Cir. 2008)); see also Ochoa v. City of Mesa, 26 F.4th 1050, 1054 (9th Cir. 2022). The defendant must have caused the loss of life. See 42 U.S.C. § 1983 (establishing civil liability where a person acting under color of law "subjects, or causes to be subjected" another person to the deprivation of federal rights); White v. Roper, 901 F.2d 1501, 1505-1506 (9th Cir. 1990) (to establish liability under § 1983, plaintiff must establish that defendant's conduct was both the cause in fact and the proximate cause of the constitutional injury).

Plaintiff's complaint as drafted does not state a claim against defendants. This case does not involve a fatal police shooting, or any use of force by defendants. The only possible contributing factor to the death of plaintiff's son that might be attributable to defendants is the alleged delay between the time officers arrived on the scene and the time plaintiff's son was transported for emergency treatment. ECF No. 1 at 6. However, the facts pled do not support an inference that this delay or any other conduct of defendants caused his death. Moreover, the facts alleged do not rise to the level of conduct which shocks the conscience. For both these reasons, the allegations of the complaint do not state a substantive due process claim.

3. Plaintiff Does Not State a Monell Claim

Local government entities, including counties and police departments, "may not be sued under § 1983 for an injury inflicted solely by [their] employees or agents." Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 694 (1978). Though "municipalities and other local

government units ... [are] among those persons to whom § 1983 applies," Monell, 436 U.S. at 690, "a municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation,'" City of Canton v. Harris, 489 U.S. 378, 389 (1989) (alteration in original) (quoting Monell, 436 U.S. at 694 and Polk County v. Dodson, 454 U.S. 312, 326 (1981)).

To state a cognizable claim under Monell, a plaintiff must plead "(1) that the plaintiff possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiffs constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011). Further, the policy at issue must be the result of a decision of a person employed by the entity who has final decision- or policymaking authority. Monell, 436 U.S. at 694. There must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." Id. at 385.

Here, plaintiff does not identify any policy of San Joaquin County or the Stockton Police Department that the officers on the scene were following which lead to her damages. Accordingly, plaintiff does not state a claim against the defendants.

## II. AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint as against San Joaquin County and/or the Stockton Police Department, the amended complaint must allege facts that show these defendants had a policy or practice that the officers responding to her son's injuries were following when they engaged in activity that "shocks the conscience" and caused her son's death. To the extent plaintiff intends to bring claims directly against individual responding officers, even if she does not know their names and identifies them as Doe defendants, she must specify what each of them did that "shocks the conscience" and caused her son's death.

The amended complaint must contain a short and plain statement of plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be

limited "to a single set of circumstances" where possible.  Rule 10(b).  As noted above, forms are available to help plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations.  Plaintiff must avoid narrative and storytelling.  That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts.  Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit."  Id. at 1180.  The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what."  Id. at 1179.

Also, the amended complaint must not refer to a prior pleading to make plaintiff's amended complaint complete.  An amended complaint must be complete without reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III.  PRO SE PLAINTIFF'S SUMMARY

It is not clear that this case can proceed in this court.  The court cannot tell from your complaint how defendants caused legal harm to you because you do not allege enough facts.  You

cannot bring §1983 claims against entities like a police department or county unless you can show a specific policy, pattern, or practice that violates the constitution and caused your loss.  If you want to bring §1983 constitutional claims based on the conduct of individual officers or public employees, rather than challenging a local government policy, you need to name individual defendants and explain what each person did that violated your rights.  Because the complaint as written does not state a claim upon which relief can be granted, it will not be served on defendants.  Your lawsuit cannot proceed unless you fix the problems with your complaint.

There is one problem with your complaint that cannot be fixed unless you hire a lawyer.  As a self-represented (pro se) litigant, you are only allowed to pursue claims about the violation of your own rights.  You cannot bring claims on behalf of your son or his estate, even as his successor in interest, unless you do so through counsel.

You are being given 30 days to submit an amended complaint that provides a proper basis for federal jurisdiction.  If you submit an amended complaint, it needs to explain in simple terms what laws or legal rights of yours were violated, by whom and how, and how those violations impacted each plaintiff.  Without this information, the court cannot tell what legal claims you are trying to bring against the defendants.  If you do not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

### IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff shall have 30 days from the date of this order to file an amended complaint that complies with the instructions given above.  If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: May 7, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE